**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3668
_____

UNITED STATES OF AMERICA

v.

STEPHANIE METZ,
                                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. No. 1:13-cr-00243)
District Judge: Hon. Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
July 16, 2015
_____

Before: SMITH, GREENAWAY, JR., and SHWARTZ, Circuit Judges.

(Filed: July 17, 2015)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

        Stephanie Metz contends that the District Court improperly delegated its judicial

_____

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

authority to the probation officer when it imposed a special condition of supervised release that prohibited Metz from obtaining employment involving finances "without prior approval from the probation officer." App. 5. Because the District Court delegated only the ability to grant "exceptions" to its absolute prohibition on such employment, the condition was not an impermissible delegation and we will affirm.

I

Metz was charged with conspiracy to defraud the Internal Revenue Service in violation of 18 U.S.C. § 286, entered a guilty plea, and was sentenced to twelve months' imprisonment and three years' supervised release. A condition of Metz's supervised release provided: "Without prior approval from the probation officer, the defendant is prohibited from obtaining any employment in which she would have control over money, finances, or engage in financial transactions." App. 5. Metz appeals.

II[1]

A sentencing court may impose a special condition of supervised release requiring the defendant to "refrain . . . from engaging in a specified occupation, business, or profession bearing a reasonably direct relationship to the conduct constituting the offense,

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review the District Court's decision to impose a special condition of supervised release for abuse of discretion. United States v. Maurer, 639 F.3d 72, 77 (3d Cir. 2011). Because Metz failed to raise her objection to the special condition before the District Court, we review for plain error, considering whether: "(1) an error was committed; (2) the error was plain; (3) the error affected the defendant's substantial rights; and (4) the error 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Id. at 82 n.9 (quoting United States v. Olano, 507 U.S. 725, 732-34 (1993)).

2

or engage in such a specified occupation, business, or profession only to a stated degree or under stated circumstances." 18 U.S.C. § 3563(b)(5). In imposing such a special condition of supervised release, a district court may delegate certain functions to probation officers, who have "broad statutory authority to advise and supervise probationers, and 'to perform any other duty that the court may designate.'" United States v. Pruden, 398 F.3d 241, 250 (3d Cir. 2005) (quoting 18 U.S.C. § 3603(10)). Because probation officers are "nonjudicial officer[s]," however, their power is subject to certain limitations, the "most important" of which "is that a probation officer may not decide the nature or extent of the punishment imposed upon a probationer." Id.

In United States v. Maurer, this Court considered whether a special condition of supervised release constituted an impermissible delegation of judicial authority to the probation office. 639 F.3d 72, 82 (3d Cir. 2011). The condition in Maurer prohibited the defendant from "obtaining employment or performing volunteer work which includes, as part of its job/work description, contact with minor children without the expressed approval of the U.S. Probation Office." Id. (internal quotation marks and alterations omitted). The Court concluded that the special condition was "in accord with the Probation Office's ministerial role," reasoning that "approv[ing] exceptions" to an absolute prohibition on certain activity is permissible because "the nature and extent of the punishment remains predetermined by the District Court." Id. at 85-86.

Here, the District Court imposed a similar absolute occupational restriction that prohibited Metz from obtaining employment involving finances and granted the

3

probation officer authority only to "determine exceptions" to this prohibition.  Id. at 86.

Because "the nature and extent of [Metz's] punishment remains predetermined by the

District Court," the condition is not an impermissible delegation of judicial authority.  Id.;

Cf. United States v. Heckman, 592 F.3d 400, 411 (3d Cir. 2010) (finding impermissible

delegation where district court ordered defendant to "follow the directions of the U.S.

Probation Office regarding any contact with children" because it "delegate[d] full

discretion over [the defendant's] contact with minors," including whether he could have

any contact at all).[2]  Thus, the District Court did not err in imposing an occupational

restriction that allowed probation to grant exceptions.

### III

For the foregoing reasons, we will affirm.

---

[2] Metz seeks to distinguish this Court's precedent, arguing that the special condition in this case was imposed pursuant to 18 U.S.C. § 3563(b)(5), which permits the District Court to prohibit certain employment altogether or to impose a partial restriction on such employment "only to a stated degree or under stated circumstances."  According to Metz, the District Court imposed a partial restriction and was therefore required to "state[]" a standard to guide the probation officer's discretion.  Id.  This arguments fails.  First, the condition in Maurer was also an occupational restriction imposed pursuant to § 3563(b)(5) and therefore is not distinguishable.  Second, the condition the District Court imposed is an absolute prohibition on employment involving finances, not a prohibition limiting such employment "only to a stated degree or under stated circumstances."  Thus, this clause of § 3563(b)(5) does not apply.